# Richmond.

## HARNSBERGER AND ALS. v. COCHRAN, ADM'R, &C.

### JANUARY 13th, 1887.

### Absent, LEWIS, P.

1. HANDWRITING—*Genuineness—Issue—Burden of proof.*—Where bill or other pleading sets up a writing and alleges that it was made and signed by defendant's intestate in his lifetime, and defendant, by his answer under oath, denies the allegation and demands proof; such answer is a substantial compliance with Code 1873, ch. 167, sec. 39, and puts the genuineness of the writing in issue with the burden of proof on the alleger.

2. CHANCERY PRACTICE—*Commissioners—Reference.*—It is common practice to refer questions of fact, such as the genuineness of writings to a commissioner.

Argued at Staunton. Decided at Richmond.

Appeal from decree of circuit court of Rockingham county, rendered January 19, 1884, in the cause of James C. Cochran, in his own right and as administrator of Benjamin Crawford, deceased, complainant, against H. B. Harnsberger, administrator of Stephen M. Harnsberger, deceased, and others.

Opinion states the case.

*G. W. Berlin, J. S. Harnsberger,* and *J. B. Stephenson,* for the appellants.

*W. B. Compton* and *Strayer & Liggett,* for the appellee.

FAUNTLEROY, J., delivered the opinion of the court.

The suit was instituted in December, 1877, by Benjamin Crawford and James C. Cochran, his assignee, to compel specific performance of a contract, by the payment by the said Henry B. Harnsberger, administrator of Stephen M. Harnsberger, deceased, and his heirs-at-law—William, Henry, Charles D., and Annette L. Harnsberger—of the residue of unpaid purchase money for land sold by Benjamin Crawford to said Stephen M. Harnsberger, evidenced by the bonds of the said Stephen M. Harnsberger, each for the sum of $388.89, payable February 1, 1864, 1865, and 1866, respectively, to the said Benjamin Crawford, and assigned by him to the said James C. Cochran.

The validity of the said bonds was not in dispute; and at the January term, 1878, the cause was referred to a master commissioner of the court to ascertain the liens binding upon the land, who made his report to the June term, 1878, that the only lien upon the said land was the unpaid purchase money evidenced by the bonds aforesaid, claimed in complainant's bill, amounting, with interest, to the sum of $1,958.07; which said report was confirmed, and the court decreed that unless the defendants, or some one for them, pay, with thirty days from the rising of the said court, the said debt, then the said land should be sold, which sale was afterwards made and confirmed by the said circuit court, to F. L. Kemper, on the 15th day of February, 1879; and, the death of Benjamin Crawford being suggested, the cause was revived in the name of J. C. Cochran, administrator of Benjamin Crawford, deceased. On the 15th of March, 1881, the petitioners, Charles D. Harnsberger and Annette L. Harnsberger, by her next friend, Charles D. Harnsberger, filed their joint petition and bill of review in the cause, wherein they ask for a rehearing and review of the whole cause, for the following reasons:

First. That since the institution of this suit, about the 16th

day of February, 1881, they had found a receipt, made and signed by Benjamin Crawford, and given to Stephen M. Harnsberger, for the sum of $723, as a payment upon the three bonds set up in complainant's bill, and to enforce the payment of which this suit was instituted. The said alleged receipt was filed as part of said petition, marked "Exhibit O K," and is in the following words and figures:

"$723.                           OCTOBER 11, 1863.

"Received of Stephen M. Harnsberger seven hundred and twenty-three dollars, to be credited on bonds that are not available at present.

"B. CRAWFORD."

Upon which receipt is the following endorsement: "Crawford's receipt for $723 to S. M. Harnsberger, in lieu of land bonds not due.    October 11, 1863."

Petitioners allege that they had just found the said receipt, although they had made diligent search long before, and that they had found it among some worthless papers belonging to their mother, who departed this life in 1871. Petitioners claimed that this sum of $723 should be credited upon the three bonds asserted in complainant's bill, in accordance with the tenor of the receipt; and that this payment, as well as the payments of interest thereon, were made before the assignment of the said bonds to J. C. Cochran.

Upon the filing of this petition, J. C. Cochran, in his own right and as administrator of Benjamin Crawford, deceased, answered the same under oath, and disputed the genuineness of the alleged receipt for $723, marked "Exhibit O K," and calling for the strictest proof of its genuineness and validity. The plaintiffs, in the bill of review, accepted the issue, and took the initiative in introducing witnesses to prove its genu-

VOL. LXXXII—92

iness. The defendants followed, by introducing testimony in rebuttal. After some of the depositions had been taken, the court referred the cause to a master commissioner to take further testimony, and report upon the genuineness of the signature to the "Exhibit O K," and the validity thereof, and also the genuineness of the handwriting of the body of the said writing;. in response to which reference, the said master commissioner filed his report, November 23, 1883, in which he reported that the signature to the "Exhibit O K" is not the genuine signature of Benjamin Crawford;` to which report the petitioners excepted, and the court, at the January term, 1884, without passing directly upon the said report or the exceptions thereto, entered its decree declaring it as the opinion of the court that the said alleged receipt "Exhibit O K," is not the genuine receipt of Benjamin Crawford, and that the said sum of $723 should not be credited upon the pending lien, asserted in complainant's bill, and that the errors set up by petitioners as apparent upon the record of the proceedings in the cause are not well taken, and dismissed the petition, with costs; which decree the appellants pray this court to review and reverse, for the following errors assigned: *First*, that the court erred in requiring the petitioners to prove the signature of said Crawford to "Exhibit O K," in the absence of such affidavit as the statute requires to put it in issue; *secondly*, the court erred in referring the genuineness of the execution of the said receipt by the said Crawford to a commissioner of said court, when it was the duty of the court to decide that issue, if there was such an issue in this cause under the pleadings, which is denied; *third*, the court erred in deciding that said Crawford had not executed said receipt, "Exhibit O K," and in dismissing petitioner's petition in said cause, and refusing to rehear and review the decree in said cause.

In the case at bar, we think the statute (Code 1873, ch. 167, sec. 39) has been substantially complied with by the answer, under oath, of James C. Cochran in his own right, and as administrator of Benjamin Crawford, deceased, filed in the cause, in which the genuineness of the alleged receipt, "Exhibit O K," was disputed, and its validity challenged, and the strictest proof of its genuineness called for. It was treated as so disputed throughout the cause. The petitioners so treated it. The court so treated it, and referred the question of fact as to its genuineness to a master commissioner, who took testimony, and reported adversely to its genuineness and validity; and neither in the exceptions to the report, nor throughout the proceedings in the court below, did the petitioners raise the point now made for the first time in this court, or give or make intimation that the issue of its genuineness was not fairly made. The objection comes too late.

In the case of *James River and Kanawha Co.* v. *Littlejohn*, 18 Gratt. 75, this court says: "The answer of James River and Kanawha Company disclaimed all knowlege as to the order of Littlejohn; but did not dispute its genuineness, or expressly call for proof of it. It was treated as genuine by the commissioner and the court; and the proof of it was not insisted on by the company. It was treated as genuine throughout the case. Under these circumstances it was too late to make the objection in this court." See also *Anderson* v. *De Soer*, 6 Gratt. 363.

The second assignment of error is not well taken. It is common practice to refer questions of fact to a master; but the court decided the case upon the pleadings and the depositions, independently of the report of the master. The only real question involved was as to the genuineness of the receipt known in the record as "Exhibit O K," and this was decided upon the weight of testimony—preponderating overwhelm-

ingly in favor of the appellees. Six witnesses, two of whom were called by the appellants themselves, thoroughly qualified and peculiarly competent to testify upon the point, swear positively and from actual knowledge (and not from the single fact that the signature is written "B. Crawford," instead of "Benjamin Crawford") that the receipt, or "Exhibit O K," is not in the handwriting of Benjamin Crawford, and is not genuine, and that the signature thereto is in the same handwriting as the body of the said writing, and is not the genuine signature of Benjamin Crawford. Added to these, the record shows the corroborating circumstances that Benjamin Crawford, who did not die till January 2, 1879, was in the possession of the bonds all the time, and for many years subsequent to the date of the alleged receipt, October 11, 1863; that he was proven to have been a man of such singular purity and integrity of character and business intelligence and system as to negative conclusively the suggestion that he would assert or endeavor to collect bonds which had been paid; that the said alleged receipt, "Exhibit O K," is dated on *Sunday;* that the bonds were gold bonds, for which it was improbable that Confederate money, worth October 11, 1863, about $20 for $1, would have been received in payment; that the said bonds were not due; that the statement upon the face of the alleged receipt, "Exhibit O K," that the bonds "*are not available at present,*" is flatly contradicted by the fact, proved in the record, that they were in the possession and always available to Benjamin Crawford. On the other hand, there are but three witnesses who pretend to speak with any degree of certainty, who testify that the receipt, "Exhibit O K," is in the handwriting or signature of Benjamin Crawford, and these witnesses are unsupported by a single circumstance.

A technical objection is made that Annie L. Harnsberger should have answered the bill in person, and not by guardian

*ad litem,* because she was over 14 years of age, but the record shows that this is not the fact. She was born in June, 1864, and was 14 years old June, 1878. The suit was brought November 26, 1877, and the answer of her guardian *ad litem* was filed January, 1878.

For the foregoing reasons we are of opinion that there is no error in the decree of the circuit court of Rockingham appealed from, and the same must be affirmed.

DECREE AFFIRMED.